Jonas B. Jacobson (Cal. Bar No. 269912)
jonas@dovel.com
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

SHANNON MACK, individually and on behalf of all others similarly situated,

*Plaintiff*,

vs.

AMAZON.COM, INC.,

*Defendant*.

Case No.

**CLASS ACTION -- COMPLAINT**

**DEMAND FOR JURY TRIAL**

## Table of Contents

I. Introduction. ........................................................................................................... 1

II. Parties. .................................................................................................................. 2

III. Jurisdiction, venue, and divisional assignment. .................................................. 2

IV. Facts. ................................................................................................................... 2

    A. It is important to consumers that over-the-counter melatonin is accurately dosed and labelled. ........................................................................................ 2

    B. Scientific research reveals serious problems with the accuracy of melatonin dosing and labelling in Canada.  Scientists warn that the same is likely true of some U.S. brands. ....................................................................................... 3

    C. Amazon sells over-the-counter melatonin supplements to U.S. consumers. ................. 4

    D. Scientific testing reveals that Solimo Melatonin has substantial overdoses of melatonin. ...................................................................................................... 5

    E. Solimo Melatonin overdoses are unreasonably excessive. ............................................ 6

    F. Amazon's labelling is false and misleading to reasonable consumers. ......................... 8

    G. Amazon overcharges consumers. .................................................................................. 9

    H. Ms. Mack was misled and harmed by Amazon's misleading labelling. ...................... 10

V. Class action allegations. ...................................................................................... 11

VI. Claims. ................................................................................................................ 13

    Count I: Violation of the Washington Consumer Protection Act ........................................... 13

    Count 2: Violation of New York Gen. Bus. Law § 349 ........................................................... 14

    Count 3: Violation of New York Gen. Bus. Law § 350 ........................................................... 14

    Count 4: Breach of Contract ................................................................................................... 15

    Count 5: Breach of Express Warranty .................................................................................... 16

    Count 6: Breach of Implied Warranty ..................................................................................... 17

VII. Jury Demand. ...................................................................................................... 18

VIII. Prayer for Relief. ................................................................................................. 18

Class Action Complaint -  i
Case No.

Dovel & Luner LLP
201 Santa Monica Blvd. Suite 600
Santa Monica, CA 9040

**I.       Introduction.**

1.       Melatonin is a neurohormone that regulates the brain's sleep cycle.  Millions of consumers take over-the-counter melatonin supplements to help them sleep.  Because melatonin alters brain chemistry, it is important that these supplements are accurately dosed and labelled.

2.       A few years ago, scientists tested Canadian melatonin supplements and found that, for a number of brands, the true amount of melatonin varied wildly from the label.  Scientists, the National Institute of Heath, and consumer advocates have warned that the same is true in the U.S.

3.       Amazon's Solimo Melatonin is a major U.S. brand of melatonin supplements, sold nationwide on Amazon.com.  Each bottle claims to have a specific dose of melatonin per serving. For example:



4.       Like other consumers, Ms. Mack bought Solimo Melatonin and trusted the accuracy of Amazon's dosing and labelling.  To determine how much melatonin is really in Solimo Melatonin, a university mass-spectrometry laboratory tested multiple bottles. The results were alarming—the bottles are unreasonably overdosed. The true amount of melatonin was 144% to 182% of the claimed amount.

5.       Amazon systematically misrepresents how much melatonin is in the supplements it sells.  Consumers are being misled and overcharged.

Class Action Complaint -  1
Case No.

Dovel & Luner LLP
201 Santa Monica Blvd. Suite 600
Santa Monica, CA 9040

**II.     Parties.**

6.     Plaintiff Shannon Mack is domiciled in Rochester, New York.

7.     The proposed class includes citizens of every state.

8.     Defendant Amazon.com, Inc. ("Amazon") is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109-5210.

**III.     Jurisdiction, venue, and divisional assignment.**

9.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2).  The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendant.

10.     The Court has personal jurisdiction over Defendant because (among other reasons) its principal place of business is in Washington.

11.     Venue is proper under 28 U.S.C. § 1391(b)(1) because Amazon resides in this District, at its Seattle headquarters.

**IV.     Facts.**

**A.     It is important to consumers that over-the-counter melatonin is accurately dosed and labelled.**

12.     Melatonin (N-acetyl-5-methoxytryptamine) is a neurohormone produced by the pineal gland in the brain.  It regulates the brain's circadian rhythm and sleep cycle.



*The chemical structure of melatonin*

Class Action Complaint -  2
Case No.

Dovel & Luner LLP
201 Santa Monica Blvd. Suite 600
Santa Monica, CA 9040

13.     Millions of U.S. consumers take melatonin supplements to treat sleep problems, anxiety, and other issues.  Melatonin is one of the most popular over-the-counter supplements in the U.S.

14.     As scientists explained in the Journal of Clinical Sleep Medicine, because melatonin is "self-prescribed" (i.e., purchased directly by consumers who are not experts), it is particularly "important that labels are informative and representative of the product," i.e., that the "label claim values for the active ingredient are accurate." [1]  When melatonin is falsely labelled, "higher doses could lead to unpleasant/unexpected side effects." [2]  Side effects of melatonin include headaches, dizziness, nausea, or excessive or unwanted sleepiness. [3]  "Many experts recommend starting with the smallest available dosage — 0.5 milligrams to 1 milligram." And regardless of side effects, consumers don't want to take excessive amounts of a neurohormone that alters brain chemistry.

**B.      Scientific research reveals serious problems with the accuracy of melatonin dosing and labelling in Canada.  Scientists warn that the same is likely true of some U.S. brands.**

15.     In 2017, a study of Canadian melatonin brands found "high variability, ranging from −83% to +478%, of the labelled concentration of melatonin content in melatonin supplements." [4]  For over 70% of the tested brands, the true amount of Melatonin varied more than 10% from the listed amount.  The amount of melatonin also varied highly between different lots (manufacturing batches) of the same product.  The researchers concluded that "manufacturers require increased controls to ensure melatonin supplements" are accurately labelled.

---

[1] Erland, L. & Saxena, P., *Melatonin Natural Health Products and supplements: Presence of serotonin and significant variability of melatonin content*, 13 Journal of Clinical Sleep Medicine 275–281 (2017).
[2] Grigg-Damberger, M. & Ianakieva, D., *Poor quality control of over-the-counter melatonin: What they say is often not what you get*, 13 Journal of Clinical Sleep Medicine 163–165 (2017).
[3] NIH National Library of Medicine Medline Plus, Melatonin, https://medlineplus.gov/druginfo/natural/940.html
[4] Lauren, *Melatonin Natural Health Products and supplements*, 13 Journal of Clinical Sleep Medicine at 276.

Class Action Complaint -  3
Case No.

Dovel & Luner LLP
201 Santa Monica Blvd. Suite 600
Santa Monica, CA 9040

16.     U.S. scientists warned that this Canadian study "herald[s] what may also be true in OTC melatonin supplements marketed in the United States." [5]  Likewise, the National Institute of Health has warned that "some melatonin supplements may not contain what's listed on the product label." [6]  And Consumer Reports warned: "The findings … offer the latest proof of something supplement industry critics have long warned about: When it comes to this poorly regulated corner of modern medicine, consumers often don't know what they're buying." [7]

**C.     Amazon sells over-the-counter melatonin supplements to U.S. consumers.**

17.     Amazon makes, markets, and sells Solimo Melatonin in the U.S.  Amazon's Solimo melatonin products ("Solimo Melatonin") are available nationwide at Amazon.com.  Hundreds of thousands (or even millions) of U.S. consumers buy Solimo Melatonin and rely on the accuracy of its labelling.

18.     Amazon makes and sells several varieties of Solimo Melatonin, including the following non-limiting examples:  Solimo Melatonin Tablets and Solimo Melatonin Gummies.  For each product, the label claims a specific amount of melatonin per serving, e.g., 3 mg or 5 mg.  Representative examples are pictured below:

 

        [5] Grigg-Damberger, *Poor quality control of over-the-counter melatonin*, 13 Journal of Clinical Sleep Medicine at 163.
        [6] NIH National Center for Complementary and Integrative Health, *Melatonin: What You Need To Know*,  https://www.nccih.nih.gov/health/melatonin-what-you-need-to-know
        [7] Consumer Reports, *New Study Questions Ingredient Levels in Some Melatonin Supplements*, https://www.consumerreports.org/melatonin/study-questions-ingredient-levels-some-melatonin-supplements/



19.     All Solimo Melatonin products are substantially similar.  They all advertise melatonin as an active ingredient and claim to have a specific amount of melatonin per serving.

**D.     Scientific testing reveals that Solimo Melatonin has substantial overdoses of melatonin.**

20.     Liquid Chromatography-Mass Spectrometry analysis (LC-MS) can accurately measure the true amount of melatonin in an over-the-counter supplement.  For Solimo Melatonin, a university mass-spectrometry laboratory used LC-MS to test Solimo Melatonin.  The lab tested bottles from different manufacturing batches (lots).  The results are summarized below:

| Amazon type | Claimed melatonin dose (mg / gummy or tablet) | True melatonin dose (mg / gummy or tablet)[8] | True melatonin dose (%)[9] |
|---|---|---|---|
| Amazon Solimo Melatonin Gummies (Lot# B51L01-1) | 2.5 | 4.56 | +182% |
| Amazon Solimo Melatonin Tablets (Lot# 20JAF0049) | 3 | 4.33 | +144% |

[8] The lab tested three gummies per bottle and averaged the results.
[9] The percentage ratio of the true dose to the claimed dose.

Class Action Complaint -  5
Case No.

Dovel & Luner LLP
201 Santa Monica Blvd. Suite 600
Santa Monica, CA 9040

21.     As the results show, the melatonin content of Solimo Melatonin is consistently and substantially overdosed.

**E.     Solimo Melatonin overdoses are unreasonably excessive.**

22.     For dietary supplements, the FDA states that "reasonable excesses over labeled amounts are acceptable within current good manufacturing practice." 21 C.F.R §101.36(f)(1).  This means that a manufacturer can add enough melatonin such that the dosage "meets the amount specified on the label throughout the product's shelf life." Current Good Manufacturing Practice in Manufacturing, Packaging, Labeling, or Holding Operations for Dietary Supplements, 72 Fed. Reg. 34752, 34884 (June 25, 2007). But the FDA prohibits a manufacturer from adding "unspecified amounts [of an ingredient] that would be in excess of the amount actually needed to meet the label declaration." 68 Fed. Reg. 12158, 12158 (Mar. 13, 2003). Accordingly, an excess is not a "reasonable excess" (and violates FDA regulations) if the excess is materially more than necessary to meet the amount specified on the label throughout the product's shelf life.  Notably, the FDA does not review and approve any particular overages for dietary supplements—the duty falls on manufacturers to assure compliance with the "reasonable excess" limit. Here, Amazon is violating that duty.

23.     Melatonin by other U.S. manufacturers who do not unreasonably overdose their products has only around a 10-15% excess when the product is purchased, such that by the time the shelf life ends, it has approximately the amount of melatonin that is specified on the label.  Solimo Melatonin, in contrast, has a much higher excess of melatonin, compared to other U.S. manufacturers.

24.     Testing an expired Solimo Melatonin bottle has confirmed that the dosing of Solimo Melatonin is unreasonably excessive.  If Solimo Melatonin were reasonably dosed, the amount of melatonin at the end of the shelf life would be materially the same as the claim on the label, i.e., close to 100% of the claimed amount.  In contrast, if Solimo is unreasonably overdosed, even after a bottle expires (i.e., its shelf life is over) there will be materially more melatonin than the amount specified

Class Action Complaint -  6
Case No.

Dovel & Luner LLP
201 Santa Monica Blvd. Suite 600
Santa Monica, CA 9040

on the label.  Here, testing confirms that Solimo Melatonin has substantially more melatonin than needed to meet the labeling claim throughout the shelf life.

25.     The laboratory tested an expired bottle of Solimo Melatonin (Lot# 20JAF0049).  This bottle expired in February 2022.  Yet when it was recently tested, it still had 144% of the claimed melatonin content.  In other words, even six months after expiration, the bottle was still substantially overdosed. On the date of expiration, the overdose would have been even higher.  Because the excess is materially more than reasonably necessary to ensure that the melatonin meets the amount specified on the product label throughout the product's shelf life, Solimo Melatonin is unreasonably overdosed.

26.     Furthermore, an unnecessary excess is particularly unreasonable if the excess is known to increase the risk of adverse side effects. The likelihood of side effects from melatonin increases with the dosage.  This is confirmed by peer-reviewed research: when melatonin is falsely labeled, "higher doses could lead to unpleasant/unexpected side effects." [10]  As the Texas Health hospital network explains, a "lower dose" will reduce the risk of "side effects" and thus "using the lowest effective dose will give you the best outcomes while keeping any undesirable side effects at bay." [11] And as another major manufacturer of melatonin supplements states: "The likelihood of these side effects [headaches, upset stomach, grogginess, sleeplessness, irritability and dizziness] increases with the dosage."[12] This is why, as explained above, experts recommend starting with a lower dose and only escalating as necessary.

27.     Amazon itself recognizes that consumers should not ingest more melatonin than the recommended dosage on the bottles.  On its Solimo bottles, Amazon states: "Do not exceed recommended dosage." [13] But due to Amazon's inaccurate dosing and labelling, Amazon customers

---

[10] Grigg-Damberger, M. & Ianakieva, D., Poor quality control of over-the-counter melatonin: What they say is often not what you get, 13 Journal of Clinical Sleep Medicine 163–165 (2017).
[11] https://www.texashealth.org/areyouawellbeing/Health-and-Well-Being/Is-It-Safe-to-Take-Melatonin-Every-Night
[12] https://www.zzzquil.com/en-us/faq/zzzquil-pure-zzzs-melatonin-faq  (made by Proctor & Gamble)
[13] https://www.amazon.com/Amazon-Brand-Melatonin-Gummies-Serving/dp/B07BBFFTKH/ref=sr_1_8?crid=1QEIWSRFTL7DA&keywords=solimo&qid=1661895997&s=hpc&sprefix=solimo+%2Chpc%2C129&sr=1-8

are unknowingly doing exactly what Amazon recommends against (substantially and unreasonably exceeding the recommended dosages).

28.     In addition, an unnecessary excess of an ingredient is unreasonable if the long-term safety is not established. This is especially true for a neurohormone like melatonin, which can alter brain chemistry. As the National Institute of Health explains, the long-term safety of melatonin remains unknown:

> For melatonin supplements, particularly at doses higher than what the body normally produces, there's not enough information yet about possible side effects to have a clear picture of overall safety. Short-term use of melatonin supplements appears to be safe for most people, but information on the long-term safety of supplementing with melatonin is lacking.[14]

29.     For this additional reason, Amazon's unnecessary excess dosing of melatonin is unreasonable.

30.     In sum, (a) Amazon's overdosing is far more than needed to meet the label declaration throughout the shelf life; (b) the excessive dosing increases the risk of adverse side effects; and (c) the long-term safety of melatonin is uncertain. For all of these reasons, Amazon's overdosing is an unreasonable excess. This is prohibited (not permitted) by FDA regulations. Plaintiff's claims challenge this unreasonable excess and Amazon's false and misleading labelling.

**F.     Amazon's labelling is false and misleading to reasonable consumers.**

31.     By selling a melatonin supplement for sleep (i.e., a supplement that alters brain chemistry), Amazon is representing to consumers that its products are accurately dosed and labelled. When a consumer picks up a bottle of Solimo Melatonin, they reasonably expect that it actually has the dosage for which Amazon designed the recommended serving.  No reasonable consumer expects that a melatonin supplement has an unreasonable overdose of melatonin, compared to what it is specified on the label.  And specifically, when a bottle of Solimo Melatonin says it has a particular amount of melatonin per serving (e.g., 3 mg), consumers expect this to be reasonably accurate.   But the truth is, the dosing is not reasonably accurate. In this way, Amazon's affirmative representations are misleading to reasonable consumers.

---

[14] https://www.nccih.nih.gov/health/melatonin-what-you-need-to-know

Class Action Complaint -  8
Case No.

Dovel & Luner LLP
201 Santa Monica Blvd. Suite 600
Santa Monica, CA 9040

32.     The inaccurate dosing and labelling of Solimo Melatonin is highly material to reasonable consumers.  Consumers need melatonin supplements to be accurately dosed and labelled, so that consumers aren't unknowingly ingesting more neurohormone than they intend to take.   No reasonable consumer wants to buy and ingest a supplement containing an unreasonably excessive amount of melatonin, compared to what they intend to take.

33.     Amazon recognizes that its consumers demand accuracy in dosing and labelling. Amazon sells different types of Solimo Melatonin, with different claimed strengths, so that consumers can choose what is right for them.  A higher dose comes with a higher risk of adverse side effects and more concern for long-term safety.  When melatonin is truthfully and accurately labelled, consumers can make an informed choice about the risks they want to take.  Consumers can also follow the advice of experts, which is to start with lower doses and escalate only if necessary.  If a consumer selects a 3 mg dose, as opposed to a higher dose, this is because that consumer wants 3 mg and no more.  But when melatonin is misleadingly labelled, consumers are unwittingly subjected to unreasonably higher doses and the accompanying risk of adverse side effects and long-term safety concerns.  To reasonable consumers, who want to make an informed choice about how much neurohormone they are taking, this is not acceptable.  This is why the FDA itself requires that any excess be reasonable, and not unreasonable.

    **G.     Amazon overcharges consumers.**

34.     Amazon's false and misleading labelling drives the demand for Amazon's Melatonin. As explained above, consumers demand melatonin that is accurately dosed and labelled.  This is recognized by scientists, Consumer Reports, and Amazon itself.  If consumers knew the truth—that its dosing and labelling was seriously inaccurate—the price of its products would crater.  For example, on the Amazon website, a bottle of Solimo Melatonin Gummies costs $8.65.  If consumers knew the truth—that this bottle was inaccurately and unreasonably dosed and labeled—Amazon could not sell it for anything close to $8.65 (or sell it at all).  For example, a reasonable consumer who wanted to buy a product with 5 mg of melatonin would not buy an unreasonably dosed and

1   inaccurately labelled product, and would instead buy a reasonably dosed and accurately labeled

2   product.  Plaintiff and each class member paid a substantial price premium driven by Amazon's false

3   and misleading labelling.

4        35.    In fact, without accurate dosing and labelling, Solimo Melatonin is worthless.  What

5   reasonable consumer wants to buy a supplement that alters brain chemistry, if the product is

6   inaccurately labelled and unreasonably dosed?  Plaintiff and each class member paid for Solimo

7   Melatonin products that are, in truth, worthless.  Thus, the full economic injury here is the entire price

8   of the Solimo Melatonin that Plaintiff and class members purchased.

9       **H.**    **Ms. Mack was misled and harmed by Amazon's misleading labelling.**

10       36.    Like other consumers, Ms. Mack bought Solimo Melatonin and relied on the accuracy

11  of Amazon's dosing and labelling.

12       37.    Both in October 2020 and March 2021, Ms. Mack bought a bottle of Solimo

13  Melatonin Tablets (5 mg) from Amazon.com while residing in Rochester, New York. Because she

14  was buying a melatonin supplement that could alter brain chemistry, she relied on the fact that

15  Amazon's dosages were well-controlled (i.e., that the actual dosage would match the recommended

16  dosages).  She read and relied on the accuracy of the melatonin content on the label, when buying the

17  product and taking it.  She would not have purchased the product at the price she paid, if she knew

18  that it was not accurately dosed or labelled.  In fact, knowing the truth, the product is worthless to

19  her. The economic injury she suffered is the price premium she paid for the product that, due to its

20  inaccurate dosing and labelling, is substantially less valuable (in fact it is worthless).

21       38.    Plaintiff wants Amazon to fix its manufacturing practices and sell its melatonin

22  products with accurate dosing and labelling.  If Amazon fixes its products, so that they are accurately

23  dosed and labelled, she would buy them again.  But given Amazon's past deception, Plaintiff cannot

24  rely on Amazon's word alone that it has fixed the problem.  Plaintiff faces an imminent threat of

25  harm because she will not be able to rely on Amazon's labels in the future, and will not be able to

26  buy Solimo Melatonin, even if Amazon claims to have fixed the issue.  To buy Amazon's products

27

28

Class Action Complaint -  10                         Dovel & Luner LLP
Case No.                                201 Santa Monica Blvd. Suite 600
                                       Santa Monica, CA 9040

again, Plaintiff needs the Court to enter an order forbidding Amazon from selling its melatonin unless it has fixed the dosing and labelling problem. With that Court order in hand, Plaintiff could and would buy Solimo Melatonin again. And with that order in hand, millions of other consumers will be protected from being deceived like Plaintiff was deceived.

**V.     Class action allegations.**

39.     Plaintiff brings her claims individually and on behalf of the following class and subclasses:

| Class or Subclass Name | Definition |
| --- | --- |
| Nationwide Class | All persons who purchased Solimo Melatonin in the United States during the applicable statute of limitations. |
| New York Subclass | All persons who purchased Solimo Melatonin in New York during the applicable statute of limitations. |

40.     The following people are excluded from the class and the subclasses: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assignees of any excluded persons.

*Numerosity*

41.     The proposed class contains members so numerous that separate joinder of each member of the class is impractical. There are millions of proposed class members.

Class Action Complaint -  11
Case No.

Dovel & Luner LLP
201 Santa Monica Blvd. Suite 600
Santa Monica, CA 9040

*Commonality*

42.     There are questions of law and fact common to the proposed class.  Common questions of law and fact include, without limitation:

- Whether Solimo Melatonin products are accurately dosed and labelled;
- Whether Amazon's labelling is misleading to reasonable consumers;
- The monetary relief needed to reasonably compensate Plaintiff and the proposed class.

*Typicality*

43.     Plaintiff's claims are typical of the proposed class.  Like the proposed class, Plaintiff purchased Solimo Melatonin.

*Predominance and Superiority*

44.     The prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent or varying adjudication with respect to individual members, which would establish incompatible standards for the parties opposing the class. For example, individual adjudication would create a risk that Solimo Melatonin labelling is found to be misleading for some consumers, but not other similarly-situated consumers.

45.     Common questions of law and fact predominate over any questions affecting only individual members of the proposed class. These common legal and factual questions arise from central issues which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any particular class member. For example, a core liability question is common: whether Amazon's labelling is misleading to reasonable consumers.

46.     A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical.  It would be unduly burdensome to separately litigate millions of individual claims.

*Classwide injunctive relief*

47.     Amazon has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole.

Class Action Complaint -  12
Case No.

Dovel & Luner LLP
201 Santa Monica Blvd. Suite 600
Santa Monica, CA 9040

1

2   **VI.    Claims.**

3                        <u>**Count I: Violation of the Washington Consumer Protection Act**</u>

4                              **(on behalf of Plaintiff and the Nationwide Class)**

5          48.    Plaintiff incorporates each and every factual allegation set forth above.

6          49.    Amazon's terms of use purport to select Washington law for purchases made from

7   Amazon.com.

8          50.    Plaintiff brings this cause of action individually and for the Nationwide class.

9          51.    As alleged in detail above, by selling inaccurately labeled and unreasonably overdosed

10  Solimo Melatonin, Amazon engaged in an unfair and deceptive practice. Defendant's false and

11  misleading labelling had the capacity to deceive a substantial portion of the public. This practice also

12  causes substantial injury to consumers, which is not reasonably avoidable by consumers themselves

13  and is not outweighed by countervailing benefits. Consumers cannot reasonably avoid the injury

14  because consumers cannot tell how much melatonin is really in Solimo. And there are no benefits to

15  inaccurately labelled and unreasonably overdosed melatonin supplements.

16         52.    Defendant's unfair and deceptive practices occurred in the conduct of trade or

17  commerce, including commerce directly and indirectly affecting the people of the state of

18  Washington. For out-of-state consumers, violating Washington consumer protection law gives

19  Amazon an improper advantage over other Washington companies that comply with this law.

20         53.    Amazon's unfair and deceptive practices impact the public interest.  These practices

21  were committed in the course of the Defendant's business, were committed repeatedly before the

22  Plaintiff ever purchased a Solimo Melatonin product, and are part of a pattern of misrepresenting

23  whether Solimo Melatonin products were accurately dosed and labeled.  There is a substantial

24  potential that Defendant's wrongful conduct will continue into the future.

25         54.    Amazon's unfair and deceptive practices caused injury to Plaintiff and class members.

26  Plaintiff and class members were injured as a direct and proximate result of Amazon's conduct

27

28

Class Action Complaint -  13                                Dovel & Luner LLP
Case No.                                                    201 Santa Monica Blvd. Suite 600
                                                            Santa Monica, CA 9040

because: (a) they would not have purchased Solimo Melatonin if they had known that Solimo Melatonin was inaccurately labelled and unreasonably dosed; (b) they overpaid for the products because the products are sold at a price premium due to Amazon's misleading labelling; or (c) they received products that were, in truth, worthless.

55.     Plaintiff and class members are entitled to recover actual damages, treble damages, costs and attorney fees, and other relief available under the Washington Consumer Protection Act.

### Count 2: Violation of New York Gen. Bus. Law § 349

### (on behalf of Plaintiff and the New York Subclass)

56.     Plaintiff incorporates each and every factual allegation set forth above.

57.     Plaintiff brings this cause of action individually and for the New York Subclass, in the event that New York consumer protection law applies to this subclass.

58.     Plaintiff and the subclass purchased Solimo Melatonin products in New York.

59.     Amazon's labelling is consumer-oriented and its misleading labelling has a broad impact on consumers at large, i.e., the multitude of New Yorkers that purchase Solimo Melatonin.

60.     As alleged in detail above, Amazon's misrepresentations are likely to mislead reasonable consumers acting reasonably under the circumstances.  These misrepresentations were material (and important) to consumers and drove their choice to purchase Solimo Melatonin.

61.     Plaintiff and subclass members were injured as a direct and proximate result of Amazon's conduct because: (a) they would not have purchased Solimo Melatonin if they had known that Solimo Melatonin was inaccurately labelled and unreasonably dosed; (b) they overpaid for the products because the products are sold at a price premium due to Amazon's misleading labelling; or (c) they received products that were, in truth, worthless.

62.     Plaintiff and the subclass seek statutory damages of $50 per violation, among other applicable relief.  See N.Y. Gen. Bus. Law § 349 (h).

### Count 3: Violation of New York Gen. Bus. Law § 350

### (on behalf of Plaintiff and the New York Subclass)

Class Action Complaint -  14
Case No.

Dovel & Luner LLP
201 Santa Monica Blvd. Suite 600
Santa Monica, CA 9040

63.   Plaintiff incorporates each and every factual allegation set forth above.

64.   Plaintiff brings this cause of action individually and for the New York Subclass, in the event that New York consumer protection law applies to this subclass.

65.   Plaintiff and the subclass purchased Solimo Melatonin products in New York.

66.   Amazon's labelling is consumer-oriented and its misleading labelling has a broad impact on consumers at large, i.e., the multitude of New Yorkers that purchase Solimo Melatonin.

67.   As alleged in detail above, Amazon's misrepresentations are likely to mislead reasonable consumers acting reasonably under the circumstances.  These misrepresentations were material (and important) to consumers and drove their choice to purchase Solimo Melatonin.

68.   Plaintiff and subclass members were injured as a direct and proximate result of Amazon's conduct because: (a) they would not have purchased Solimo Melatonin if they had known that Solimo Melatonin was inaccurately labelled and unreasonably dosed; (b) they overpaid for the products because the products are sold at a price premium due to Amazon's misleading labelling; or (c) they received products that were, in truth, worthless.

69.   Plaintiff and the subclass seek statutory damages of $500 per violation, among other applicable relief.  *See* N.Y. Gen. Bus. Law § 350-e (3).

## **Count 4: Breach of Contract**

### **(on behalf of Plaintiff and the Nationwide Class)**

70.   Plaintiff incorporates by reference each and every factual allegation set forth above.

71.   Plaintiff alleges this claim individually and on behalf of the Nationwide Class.

72.   Plaintiff and the class purchased Solimo Melatonin products directly from Amazon.

73.   A valid contract existed between Plaintiff (and the class) and Defendant. As part of that contract, Defendant promised Plaintiff and the class that their Solimo Melatonin was in fact correctly dosed and labelled i.e., that the actual dosage would reasonably match the recommended dosages.

Class Action Complaint -  15
Case No.

Dovel & Luner LLP
201 Santa Monica Blvd. Suite 600
Santa Monica, CA 9040

74.     Plaintiff and the class paid for the Solimo Melatonin products and performed all their contractual obligations.

75.     As alleged in detail above, Defendant materially breached the contract because the Solimo Melatonin products are not, in fact, accurately labelled and reasonably dosed.

76.     Defendant's breach was the proximate cause, and a substantial factor, in causing losses and damage to Plaintiff and the class.

77.     As alleged in detail above, the market value of what Plaintiff and class members received was less than what Plaintiff and Class members paid for.

78.     Plaintiff provided Defendant with notice of this breach (on behalf of herself and the class), by mailing a notice letter to Defendant's headquarters on September 6, 2022.

## **Count 5: Breach of Express Warranty**

### **(on behalf of Plaintiff and Nationwide Class)**

79.     Plaintiff incorporates by reference each and every factual allegation set forth above.

80.     Plaintiff brings this cause of action individually and on behalf of the Nationwide Class.

81.     Defendant, as the designer, manufacturer, marketer, distributor, supplier, and/or seller of the Solimo Melatonin products, issued a material, written warranty by representing that Solimo Melatonin products contained the specific amount of melatonin identified on the label. This was an affirmation of fact about the products and a promise relating to the goods.

82.     This warranty was part of the basis of the bargain for Plaintiff and class members. Plaintiff herself read and relied on this warranty.

83.     The Solimo Melatonin products do not conform to this warranty because, as alleged in detail above, they are not accurately (or reasonably) dosed and labelled.

84.     Plaintiff provided Defendant with notice of this breach of warranty (on behalf of herself and the class), by mailing a notice letter to Defendant's headquarters on September 6, 2022.

Class Action Complaint -  16
Case No.

Dovel & Luner LLP
201 Santa Monica Blvd. Suite 600
Santa Monica, CA 9040

85.     Plaintiff and class members were injured as a direct and proximate result of Amazon's conduct because: (a) they would not have purchased Solimo Melatonin if they had known that Solimo Melatonin was inaccurately labelled and unreasonably dosed; (b) they overpaid for the products because the products are sold at a price premium due to Amazon's false express warranty; or (c) they received products that were, in truth, worthless.

### **Count 6: Breach of Implied Warranty**

### **(on behalf of Plaintiff and Nationwide Class)**

86.     Plaintiff incorporates by reference each and every factual allegation set forth above.

87.     Plaintiff brings this cause of action individually and on behalf of the Nationwide Class.

88.     Plaintiff and the class purchased Solimo Melatonin products directly from Amazon.

89.     Solimo Melatonin is subject to the implied warranty of merchantability.

90.     Amazon breached this warranty because, as alleged in detail above, Solimo Melatonin is inaccurately labelled and unreasonably dosed. In truth, Solimo Melatonin would not pass without objection in the trade under the contract description; is not of fair average quality within the description; is not fit for the ordinary purposes for which such goods are used; does not run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; is not adequately labeled; and does not conform to the promises or affirmations of fact made on the label.

91.     Plaintiff provided Defendant with notice of this breach of implied warranty (on behalf of herself and the class), by mailing a notice letter to Defendant's headquarters on September 6, 2022.

92.     Plaintiff and class members were injured as a direct and proximate result of Amazon's conduct because: (a) they would not have purchased Solimo Melatonin if they had known that Solimo Melatonin was inaccurately labelled and unreasonably dosed; (b) they overpaid for the products because the products are sold at a price premium due to Amazon's false implied warranty; or (c) they received products that were, in truth, worthless.

Class Action Complaint - 17
Case No.

Dovel & Luner LLP
201 Santa Monica Blvd. Suite 600
Santa Monica, CA 9040

**VII.    Jury Demand.**

93.    Plaintiff demands a jury trial on all issues so triable.

**VIII.    Prayer for Relief.**

94.    Plaintiff seeks the following relief individually and for the proposed class and subclasses:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiff and the proposed class;
- Damages, including statutory and treble damages, as allowed by law;
- Restitution, disgorgement, and other just equitable relief, as allowed by law;
- Attorney's fees, as available by law;
- An injunction;
- Pre- and post-judgment interest;
- Any additional relief that the Court deems reasonable and just.

Dated: September 15, 2022                    Respectfully submitted,

                                                            Carson & Noel, PLLC

                                                            By:____/s/ Wright A. Noel_____

                                                            Wright A. Noel, WSBA No. 25264
                                                            20 Sixth Ave. NE
                                                            Issaquah WA 98027Tel: 425-395-7786
                                                            Fax: 425-837-5396
                                                            Email: wright@carsonnoel.com

                                                            Jonas B. Jacobson (Cal. Bar No. 269912)*
                                                            jonas@dovel.com
                                                            Simon Franzini (Cal. Bar No. 287631)*
                                                            simon@dovel.com
                                                            DOVEL & LUNER, LLP
                                                            201 Santa Monica Blvd., Suite 600
                                                            Santa Monica, California 90401
                                                            Telephone: (310) 656-7066

Class Action Complaint -  18                                          Dovel & Luner LLP
Case No.                                                     201 Santa Monica Blvd. Suite 600
                                                                        Santa Monica, CA 9040

Facsimile: (310) 656-7069

*Counsel for Plaintiff*

*\*Pro Hac Vice application forthcoming*

Class Action Complaint -  19
Case No.

Dovel & Luner LLP
201 Santa Monica Blvd. Suite 600
Santa Monica, CA 9040